T.C. Summary Opinion 2005-46


UNITED STATES TAX COURT


JOHNNY AND M. SUZAN BLACK, Petitioners v. COMMISSIONER OF
INTERNAL REVENUE, Respondent


Docket No. 16246-04S.            Filed April 18, 2005.


Johnny Black and M. Suzan Black, pro sese.

Erin K. Huss, for respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of sections 6330(d) and 7463.[1]  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended.

Respondent issued petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination), in which respondent sustained the filing of a Federal tax lien with respect to petitioners' tax liabilities for 1996, 1997, 1999, 2000, 2001, and 2002. Respondent rejected petitioners' offer of $5,000 to compromise their total unpaid tax liability of $26,655.07.

The issue for decision is whether respondent abused his discretion by rejecting petitioners' offer in compromise (OIC) and by sustaining the filing of the Federal tax lien.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners resided in Riverside, California, at the time the petition was filed.

Petitioners filed Federal income tax returns for 1996, 1997, 1999, 2000, 2001, and 2002. There was some withholding with respect to these years, but the withholding was less than the respective tax liabilities reported. There were no payments remitted with any of the returns filed.[2] Sometime in 1999, petitioners began making monthly payments of $250 per month with

---

[2] It appears that at some point petitioners paid $1.00 for the taxable year 2000.

respect to the 1996 tax liability. These payments continued until July 2002.

A. Petitioners' OIC

On November 16, 2002, petitioners submitted an OIC to the Internal Revenue Service (IRS) in which they offered to pay a total of $5,000 over a period of 24 months. The OIC related to the 1996, 1997, 1999, 2000, and 2001 tax years. The offer was submitted on the basis of doubt as to collectibility. Petitioner Johnny Black (petitioner) explained in a written statement attached to the OIC that he was formerly an insurance agent with Allstate Ins. Co. As a result of expending personal funds to support his agency, and decreases in company benefits, petitioner left Allstate in 1999 with unpaid debts. At the time of trial, petitioner drove a bus for senior citizens and earned $9 per hour.

Petitioner M. Suzan Black has been permanently disabled since 1982. She suffers from diabetes, had heart bypass surgery in 1995, and has other serious medical issues. She is unable to work.

By letter dated January 23, 2004, the IRS rejected petitioners' OIC. The basis for the rejection was that the amount offered was less than petitioners' reasonable collection potential. The Asset/Equity Table, attached to the rejection letter, reflected that petitioners' assets included their house

with a net realizable equity totaling $170,000. Including other assets, petitioners' net realizable equity was reflected by the IRS as $239,567. The IRS determined that petitioners could pay their tax liabilities in full.

B. Notice of Federal Tax Lien

A notice of Federal tax lien was filed on October 21, 2003. On October 24, 2003, respondent issued to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. Petitioners timely requested a hearing on Form 12153, Request for Collection Due Process Hearing (Form 12153). Petitioners explained in the Form 12153 that "Prior to submitting an offer in compromise, we were making scheduled payments for several years. If there are no other options we would like to continue making payments without the lien being placed on the house."

Petitioners had a hearing with the IRS Office of Appeals. After some correspondence between petitioners and the Office of Appeals, the notice of determination was issued on August 6, 2004. The Appeals officer indicated:

> Appeals considered the $5,000 rejected offer to compromise approximately $27,000 of liabilities. While your net spendable income was about $1,700 per month it was the equity in your personal residence that kept the offer from being accepted.
>
> *    *    *    *    *    *    *
>
> It is not clearly known what your position is although based upon conversations it appeared they * * *

believed they could obtain a "better deal" in Tax Court and wanted to leave it up to them for a final determination. You have not shown you are entitled to any reduction on your tax liabilities via the Offer in Compromise.

Petitioners do not dispute that their net equity in available assets exceeded the amount offered in compromise, and in fact exceeded the total tax liability in issue.

Discussion

Section 6320 provides that a taxpayer shall be notified in writing by the Secretary of the filing of a Federal tax lien and provided with an opportunity for an administrative hearing. Sec. 6320(b). A hearing under section 6320 is conducted in accordance with the procedural requirements set forth in section 6330. Sec. 6320(c). At the administrative hearing, a taxpayer is entitled to raise any relevant issue relating to the unpaid tax, including collection alternatives such as an offer in compromise or an installment agreement.[3] Sec. 6330(b) and (c)(2); sec. 301.6320-1(e)(1), Proced. & Admin. Regs.

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations. Sec. 6330(d). Where, as here, the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza

---

[3] Sec. 7122(d)(2) allows a taxpayer to appeal any rejection of an offer or agreement to the IRS Office of Appeals.

v. Commissioner, 114 T.C. 176, 183 (2000). In so doing, we do not conduct an independent review of what would be an acceptable offer in compromise. Van Vlaenderen v. Commissioner, T.C. Memo. 2003-346. We review only whether the Appeals officer's refusal to accept petitioners' OIC was arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

On the basis of the information considered by the Appeals officer, we cannot conclude that rejection of petitioners' OIC was an abuse of discretion. See, e.g., Van Vlaenderen v. Commissioner, supra; Crisan v. Commissioner, T.C. Memo. 2003-318; Willis v. Commissioner, T.C. Memo. 2003-302; O'Brien v. Commissioner, T.C. Memo. 2003-290; Schulman v. Commissioner, T.C. Memo. 2002-129. Petitioners' OIC of $5,000 was not based on any analysis. In contrast, in response to the OIC, the IRS provided a detailed analysis computing petitioners' net realizable equity.[4] Furthermore, while petitioners made a general assertion that they should be entitled to make installment payments, they did not present any details as to this. Further, even if an installment agreement were in effect pursuant to section 6159, such agreement would not prevent the filing of a notice of Federal tax lien. Sec. 301.6159-1(d)(3), Proced. & Admin. Regs.

---

[4] See Speltz v. Commissioner, 124 T.C. __ (2005) for a detailed discussion of the regulations relating to OICs.

We are satisfied that respondent did not abuse his discretion in making his determination.

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to the foregoing,

<u>An appropriate decision will be entered for respondent</u>.